UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALCON,<br><br>  Plaintiff,<br><br>  v.<br><br>RHOADS, et al.,<br><br>  Defendants. | No. 2: 20-cv-0366 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint. (ECF No. 13.)

Plaintiff's Allegations

      Named as defendants are Associate Warden Lane, Appeals Examiner Murphy, M. Voong, Deputy Warden Pickett and Correctional Officers Kelly, Rhoads and Galindo.

      Plaintiff alleges that he has a magazine subscription to Hemmings Motor News. Plaintiff alleges that his issues for January 2018, April 2018 and September 2018 were not delivered to him, although it was established that the issues were sent from the vendor to the prison.

      Plaintiff alleges that in January 2018 and April 2018, plaintiff and inmate Litton were returning from pill line where defendant Rhoads told plaintiff that he had read plaintiff's January 2018 and April 2018 issues of Hemmings Motor News.

1    Plaintiff allege that on June 7, 2018, plaintiff saw defendant Rhoads looking at plaintiff's July 2018 issue of Hemmings Motor News.  Plaintiff told defendant Rhoads, "I get the Hemmings Magazine."  Defendant Rhoads responded, "This one is yours, you'll get it when we pass out the mail."  Plaintiff did not receive his June 2018 issue of Hemmings Motor News until June 11, 2018.

Plaintiff alleges that in September 2018, he observed an unknown correctional officer reading his Hemmings Motor News.  The unknown correctional officer told plaintiff that plaintiff could have his magazine when he (the unknown correctional officer) was done with it.  Plaintiff did not receive his September 2018 Hemmings Motor News.

Plaintiff alleges that correctional officers at his prison, High Desert State Prison ("HDSP"), "have a culture" of reading inmate mail and delaying and confiscating inmate mail.  In support of this claim, plaintiff alleges that on November 27, 2018, defendant Galindo saw plaintiff and said, "Oh Alcon."  Defendant Galindo then walked into the office and came out with plaintiff's Predator Xtreme Magazine.  As he handed it to plaintiff, defendant Galindo said, "I had to flip through that one."

Plaintiff also alleges that on December 16, 2018, defendants Kelly and Galindo passed out the mail at 4:00 p.m.  On plaintiff's way back from pill line, plaintiff saw a stack of magazines sitting in front of defendant Kelly as he sat at the desk in the office.  Plaintiff alleges that the last time defendant Kelly worked, plaintiff did not receive his Hemmings Motor News the day it was delivered, which was December 6, 2018.  Instead, plaintiff received it on the morning of December 7, 2018.

Plaintiff alleges that on August 20, 2018, he filed a grievance regarding the alleged theft of his January 2018, April 2018 and September 2018 Hemmings Motor News magazines.  On September 5, 2018, defendant Lane partially granted plaintiff's appeal.  Defendant Lane denied plaintiff's request for the magazines because he could not verify that plaintiff had a subscription to Hemmings Motor News.

On November 1, 2018, defendant Pickett partially granted plaintiff's second level appeal.  Defendant Pickett stated that plaintiff's subscription to Hemmings Motor News was verified.

1  Defendant Pickett stated that a search of the mailroom was conducted but plaintiff's magazines
2  could not be located.  Defendant Pickett stated that it was possible that plaintiff's magazines were
3  damaged and unreadable, making them undeliverable.  Defendant Pickett stated that plaintiff was
4  offered different magazines to choose as replacements, but plaintiff did not want them.

5  Defendants Murphy and Voong reviewed plaintiff's third level grievance.  They found
6  that no changes or modifications were required based on the response to the second level
7  grievance.

8  Plaintiff alleges violations of his right to due process and the First Amendment.

9  Discussion

10  Plaintiff alleges that defendants Rhoads, Galindo and Kelly deliberately delayed
11  delivering his mail to him and/or confiscated his mail.  These allegations state a potentially
12  cognizable First Amendment claim against these defendants.  See Green v. Franklin, 2017 WL
13  9360853, at *3 (E.D. Cal. Oct. 26, 2017).

14  Plaintiff alleges that defendants' tampering with his mail, i.e., magazines, violated his
15  right to due process.  As the undersigned advised plaintiff in the March 6, 2020 order screening
16  the amended complaint, prisoners have a protected interest in their personal property.  Hansen v.
17  May, 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is
18  actionable under the Due Process Clause.  See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984).
19  An authorized deprivation is one carried out pursuant to established state procedures, regulations,
20  or statutes.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982); Piatt v. McDougall,
21  773 F.2d 1032, 1036 (9th Cir.1985).

22  However, "[a]n unauthorized intentional deprivation of property by a state employee does
23  not constitute a violation of the procedural requirements of the Due Process Clause of the
24  Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."
25  Hudson, 468 U.S. at 533.

26  Plaintiff does not allege that he was deprived of his magazines pursuant to a state
27  procedure, regulation or statute.  Therefore, plaintiff is alleging an unauthorized deprivation of his
28  property.  Accordingly, plaintiff has an adequate post-deprivation remedy available under

1  California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code
2  §§ 810–95). For these reasons, plaintiff has failed to state a potentially cognizable due process
3  claim for the alleged deprivation of his personal property.
4      As in the amended complaint, plaintiff alleges in the second amended complaint that
5  defendants Lane, Murphy, Voong and Pickett either partially granted or denied his grievances
6  regarding his missing magazines. However, generally speaking, an inmate has no freestanding
7  constitutional right to a prison or jail grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860
8  (9th Cir. 2003).
9      In addition, a supervisor is liable for constitutional violations of a subordinate only "if the
10 supervisor participated in or directed the violations, or knew of the violations and failed to act to
11 prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that
12 defendants Lane, Murphy, Voong or Pickett knew that correctional officers were withholding or
13 delaying the delivery of his magazines. Plaintiff does not allege that defendants Lane, Murphy,
14 Voong or Pickett knew of the alleged "culture" at HDSP of correctional officers withholding or
15 delaying the delivery of inmate mail. For these reasons, the undersigned finds that plaintiff has
16 not pled sufficient facts to state potentially cognizable First Amendment claims against
17 defendants Lane, Murphy, Voong and Pickett.
18     Because plaintiff has already been granted leave to amend and did not cure the pleading
19 defects described above, the undersigned herein recommends dismissal of all claims against
20 defendants Lane, Murphy, Voong and Pickett and the due process claims against defendants
21 Rhoads, Galindo and Kelly. The undersigned separately orders service of defendants Rhoads,
22 Galindo and Kelly as to plaintiff's First Amendment claims.
23     Accordingly, IT IS HEREBY RECOMMENDED that all claims against defendants Lane,
24 Murphy, Voong and Pickett and the due process claims against defendants Rhoads, Galindo and
25 Kelly be dismissed.
26     These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
28 after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 21, 2020

                                                 KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE

Alcon366.56